IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LARRY G. LEDOUX,**

        **Plaintiff,**

    v.                    CASE NO. 07-3118-SAC

**SALINE COUNTY,**

        **Defendant.**

### O R D E R

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Saline County Jail, Salina, Kansas. As the factual basis for his complaint, Mr. Ledoux alleges that on February 11, 2007, he was placed in a "detox holding cell" at the Saline County Jail by Saline County Jail officers "for medical reasons." He specifies that he has a "pegtube in (his) stomach" and was undergoing radiation and chemotherapy. He further alleges he was held in the cell for 20 days without any privileges. He specifies "t.v., recreation (to walk around) or library." Plaintiff states he was told he could not be placed in "normal population" because of the pegtube. Plaintiff further alleges that on March 1, 2007, he was moved to a segregation unit "for people that don't follow the rules."

**CLAIMS**

Plaintiff claims he has not broken any rules, and is being denied "any normal privileges." He asserts he is being "punished for being sick," and has been affected "mentally and emotionally." He also asserts that being held in segregation without "normal

privileges" has resulted in pain, suffering, depression, mental anguish, and cruel and unusual punishment.

**RELIEF REQUESTED**

Mr. Ledoux asks to be immediately removed from segregation and "placed in a medical unit." He asks that, in the event no medical unit is currently available at the jail, the court order Saline County to provide a medical unit for cases like his, which allows the same privileges as "normal population." He also seeks damages of one million dollars for cruel and unusual punishment, mental anguish, and pain and suffering; as well as "any punitive damages."

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a motion for leave to proceed without prepayment of fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $52.09, and the average monthly balance is $6.92. The court therefore assesses an initial partial filing fee of $10.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full $350 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund

Plaintiff will be given time to pay the assessed partial filing fee. If he does not submit the partial fee within the allotted time, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Ledoux is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO STATE CLAIM OF CRUEL AND UNUSUAL PUNISHMENT**

Plaintiff claims he is being subjected to cruel and unusual punishment because no medical unit is provided at the jail, and he is being denied access to privileges enjoyed by "normal population." Given the relevant legal standards, it is apparent that Mr. Ledoux has not alleged sufficient facts in support of his claim under the Eighth Amendment.

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or

---

account as authorized by 28 U.S.C. §1915(b)(2).

deprivation be sufficiently serious; and a subjective component requiring that [prison] officials acted with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent or negligent failure to provide proper treatment "fail[s] to establish the requisite culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle, 429 U.S. at 106. A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 105-106 (footnote omitted). Plaintiff is entitled to care prescribed for his serious medical needs, not the type of medical care he desires.

Mr. Ledoux's allegations indicate that, rather than being denied medical care, he is being provided treatment for his conditions. The decisions as to where to house an inmate with

4

serious medical problems and where to provide him with medical treatment within a county jail are matters within the expertise and discretion of the jail officials. The court has no authority to interfere with such decisions absent a showing that a federal constitutional right is being denied. Plaintiff has alleged no facts indicating he is being denied necessary medical care as a result of his placement at the jail.

Instead, Mr. Ledoux mainly complains about the lack of privileges provided in the unit where the jail has determined he should be housed in order to receive medical treatment. The deliberate indifference standard discussed above also applies to claims involving conditions of confinement other than denial of medical care and likewise includes both an objective and subjective component. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, a prisoner must show from objective facts that he or she is "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 83. In the subjective analysis, the plaintiff must also prove that the defendant acted with a culpable state of mind. Farmer, 511 U.S. at 834. The Farmer court likened this standard to criminal recklessness, which makes a person liable when he or she "consciously disregard[s] a substantial risk of serious harm." Id. at 837-38. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (quotation omitted).

Applying these standards, it appears to the court that plaintiff's allegations of being denied privileges for twenty days while he received radiation and chemotherapy as well as having a

5

pegtube in his stomach utterly fails to state a constitutional claim of cruel and unusual punishment. Plaintiff does not describe any "substantial risk of serious harm" he faces in his present place of confinement. His allegations that he is suffering pain are completely conclusory. He also does not describe exactly what privileges he requested during or after the initial twenty days, which were denied or the dates and duration of those denials. Nor does he name as defendants the person or persons who actually denied his requests for certain privileges. He also fails to allege any policy or custom on the part of Saline County, which resulted in an unconstitutional denial of privileges.

Moreover, plaintiff's general complaint that he is being housed in the segregation unit, which is generally for inmates who are disciplinary problems, does not entitle him to relief. His allegation that he is being confined in the segregation unit as punishment for being sick is completely conclusory. Inmates are often segregated for administrative reasons other than discipline, such as for their own protection. "The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983).

Furthermore, plaintiff has alleged no facts indicating he has an entitlement to the same privileges as inmates housed in "normal population" at the jail. Cf., Sandin v. Conner, 515 U.S. 472, 480 (1995). Courts are to examine claimed constitutional deprivations by considering the conditions of confinement, including both the duration and degree of restrictions of that confinement as compared with conditions for other inmates. See Perkins v. Kansas Dept. of

Corrections, 165 F.3d 803, 809 (10th Cir. 1999). However, plaintiff does not describe in sufficient detail what privileges other similarly situated inmates have that he does not.

For all the foregoing reasons, the court finds the complaint is subject to being dismissed upon screening for failure to state facts in support of a federal constitutional claim. Plaintiff shall be given time to submit additional facts in support of his claims or show cause why they should not be dismissed. If plaintiff fails to submit additional facts or show cause in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit the initial partial filing fee assessed by the court of $10.00, and to show cause why this action should not be dismissed in accord with the foregoing Memorandum and Order.

**IT IS SO ORDERED**.

Dated this 24th day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

7